# In the United States Court of Federal Claims

No. 24-1088

Filed: February 27, 2025

|  |  |
|---|---|
| JEFFREY ANDREWS, *et al.*, | ) ) ) |
| *Plaintiffs*, | ) ) ) |
| v. | ) ) ) |
| THE UNITED STATES, | ) ) ) |
| *Defendant*. | ) ) |

## OPINION AND ORDER

    Jeffrey Andrews and his family have been engaged in an ongoing legal fight with the United States regarding alleged violations of the Clean Water Act ("CWA"). Specifically, the United States alleged Mr. Andrews violated the CWA when he "filled in approximately 13.3 acres of the 16.3 acres of jurisdictional wetlands on his property." *United States v. Andrews*, 677 F. Supp. 3d 74, 76-77 (D. Conn. 2023). The United States brought an action in the United States District Court for the District of Connecticut seeking an order that the Andrews family remediate the alleged violations, which the district court granted. *Id*. That court then entered an injunction requiring Mr. Andrews and his family to restore the wetlands on their property. *United States v. Andrews*, No. 3:20-CV-1300 (JCH), 2024 WL 2800232 (D. Conn. May 3, 2024). This injunction also required Mr. Andrews to allow representatives of the United States access to his property to inspect the property and remediation efforts so long as those inspections were at reasonable times and with at least five days' notice. *Id*. at *2. Mr. Andrews and his family assert that the district court has taken their property without paying just compensation. ECF No. 1 at 2-3.

    The Government has moved to dismiss for lack of subject matter jurisdiction. ECF No. 7. This court has jurisdiction to hear monetary claims against the United States "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States . . . not sounding in tort." 28 U.S.C. § 1491(a)(1). It is Plaintiffs' burden to establish this court's jurisdiction by a preponderance of evidence. *Haynes v. United States*, 122 Fed. Cl. 166, 168 (2015). When deciding the motion to dismiss, the court "must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). Although the court affords pro se litigants leniency, Plaintiffs must still establish the court's jurisdiction. *Bernard v. United States*, 59 Fed. Cl. 497, 500 (2004), *aff'd*, 98 F. App'x 860 (Fed. Cir. 2004); *see also Kelley v. Sec'y, U.S. Dep't*

*of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).  If the court determines it lacks jurisdiction, it must dismiss the case.  RCFC 12(h)(3).

This court lacks subject matter jurisdiction to hear this case because "the Court of Federal Claims has no jurisdiction to review the merits of a decision rendered by a federal district court." *Shinnecock Indian Nation v. United States*, 782 F.3d 1345, 1352 (Fed. Cir. 2015); *see also Petro-Hunt, L.L.C. v. United States*, 862 F.3d 1370, 1385 (Fed. Cir. 2017).  Plaintiffs initially asserted that it is this court's "job" to review the district court decision.  ECF No. 9 at 1.  Perhaps thinking better of it, Plaintiffs filed (and the court accepted) an amended opposition to the Government's motion in which they recognize that this court cannot review the district court's decision and assert that they are not asking for such a review.  ECF No. 14 at 2.  But that is precisely what Plaintiffs are asking this court to do.

According to Plaintiffs, they are not challenging the district court decision and they just want compensation for the taking of their property.  They argue that "[t]he District Court preliminary injunction and final ruling against Plaintiff(s) by law is a takings, as the final ruling violates the United States Constitution and Supreme Court Rulings."  ECF No. 14 at 2.  They contend that the waters at issue in their case are not Waters of the United States, due to the narrowing of definitional scope under *Sackett v. EPA*, 598 U.S. 651 (2023).  ECF No. 14 at 2.  Thus, they contend that the CWA does not apply.  ECF No. 14 at 3.  But the district court held that the waters into which Plaintiffs discharged pollutants are Waters of the United States subject to the CWA.  *Andrews*, 677 F. Supp. 3d at 86-87.  In other words, this is precisely the type of collateral attack on the district court's decision that this court lacks jurisdiction to entertain.  If the Plaintiffs do not agree with this decision, their remedy is in the appellate process not this court.  And such an appeal is pending.

And there is another insurmountable jurisdictional hurdle.  The district court found, and Plaintiffs do not dispute, that Plaintiffs never sought a permit to do what they have done.  *Andrews*, 677 F. Supp. 3d at 89; ECF No. 9 at 2.  But "a takings claim challenging the application of land-use regulations is not ripe unless 'the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue.'"  *Palazzolo v. Rhode Island*, 533 U.S. 606, 618 (2001) (quoting *Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 186 (1985), *overruled on other grounds by Knick v. Township of Scott*, 588 U.S. 180 (2019)).  Until the appropriate office has issued a final decision on the Plaintiffs' proposed use, their taking claim is not ripe.  *See Howard W. Heck, & Assocs. v. United States*, 134 F.3d 1468, 1471-72 (Fed. Cir. 1998); *Tabb Lakes, Ltd. v. United States*, 10 F.3d 796, 800-01 (Fed. Cir. 1993).

Because this court lacks jurisdiction to hear Plaintiffs' takings claims, the court GRANTS the Government's motion to dismiss, ECF No. 7, and directs the Clerk's Office to enter judgment accordingly.  All other pending motions, ECF No. 4, ECF No. 15, are denied as moot.

It is so ORDERED.

s/ Edward H. Meyers
Edward H. Meyers
Judge