# In the United States Court of Federal Claims

No. 24-1088

Filed: April 8, 2025

|  |  |
|---|---|
| JEFFREY ANDREWS, *et al.*, | ) ) ) |
| *Plaintiffs*, | ) ) ) |
| v. | ) ) ) |
| THE UNITED STATES, | ) ) ) |
| *Defendant*. | ) ) ) |

## OPINION AND ORDER

Plaintiffs, Jeffrey Andrews and his family, have moved for reconsideration of this court's dismissal of their case for lack of subject matter jurisdiction. ECF No. 18. As the court explained in its dismissal order, ECF No. 16, the Andrews family has been engaged in an ongoing legal fight with the United States regarding alleged violations of the Clean Water Act ("CWA"). The United States alleged Mr. Andrews violated the CWA when he "filled in approximately 13.3 acres of the 16.3 acres of jurisdictional wetlands on his property." *United States v. Andrews*, 677 F. Supp. 3d 74, 76-77 (D. Conn. 2023), *aff'd*, No. 24-1479, 2025 WL 855763 (2d Cir. Mar. 19, 2025). The United States brought an action in the United States District Court for the District of Connecticut seeking an order that the Andrews family remediate the alleged violations, which the district court granted. *Id*. That court then entered an injunction requiring Mr. Andrews and his family to restore the wetlands on their property. *United States v. Andrews*, No. 3:20-CV-1300 (JCH), 2024 WL 2800232 (D. Conn. May 3, 2024), *aff'd in part*, No. 24-1479, 2025 WL 855763 (2d Cir. Mar. 19, 2025).[1] This injunction also required Mr. Andrews to allow representatives of the United States access to his property to inspect the property and remediation efforts so long as those inspections were at reasonable times and with at least five days' notice. *Id*. at *2. Mr. Andrews and his family assert that the district court has taken their property without paying just compensation. ECF No. 1 at 2-3.

---

[1] Since this court dismissed this action, the Second Circuit affirmed the district court's injunction. The circuit court concluded that it lacked jurisdiction over parts of Plaintiffs' appeal because the district court has not yet entered a final judgment. *United States v. Andrews*, No. 24-1479, 2025 WL 855763, at *1 (2d Cir. Mar. 19, 2025). The circuit limited its review and affirmance to the district court's entry of the restorative injunction, which was properly before it under 28 U.S.C. § 1292(a)(1).

In the dismissal order, this court explained that there are two jurisdictional hurdles that Plaintiffs cannot overcome.  First, this court explained that it lacks jurisdiction to hear a collateral attack on a district court decision.  ECF No. 16 at 2 (discussing *Shinnecock Indian Nation v. United States*, 782 F.3d 1345, 1352 (Fed. Cir. 2015) and *Petro-Hunt, L.L.C. v. United States*, 862 F.3d 1370, 1385 (Fed. Cir. 2017)).  Although Plaintiffs stated that was not what they were seeking, they based their claim on the assertion that the district court was wrong in concluding that certain waters were Waters of the United States subject to the CWA.  *Id.*  That is the type of collateral attack that this court cannot entertain; rather, it is a question for the appellate process.  Second, this court explained that Plaintiffs had never sought a permit to fill the wetlands on their property, their claims are not ripe under *Palazzolo v. Rhode Island*, 533 U.S. 606, 618 (2001), *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172, 186 (1985), *Howard W. Heck, and Associates, Inc. v. United States*, 134 F.3d 1468, 1471-72 (Fed. Cir. 1998), and *Tabb Lakes, Ltd. v. United States*, 10 F.3d 796, 800-01 (Fed. Cir. 1993).  ECF No. 16 at 2.  For these reasons, this court dismissed the complaint for lack of jurisdiction.  *Id.*

Plaintiffs now seek reconsideration of that dismissal.  Under Rule 59, the court "may grant a motion for reconsideration when there [is] . . . a need to correct clear factual or legal error or prevent manifest injustice."  *Biery v. United States*, 818 F.3d 704, 711 (Fed. Cir. 2016) (quoting *Young v. United States*, 94 Fed. Cl. 671, 674 (2010)).  That said, "[a] motion for reconsideration must also be supported 'by a showing of extraordinary circumstances which justify relief.'"  *Biery*, 818 F.3d at 711 (quoting *Caldwell v. United States*, 391 F.3d 1226, 1235 (Fed. Cir. 2004)).  Such a motion is not intended to give "an unhappy litigant . . . an additional chance to sway the court."  *Lee v. United States*, 130 Fed. Cl. 243, 252 (2017) (quoting *Stueve Bros. Farms, LLC v. United States*, 107 Fed. Cl. 469, 475 (2012)), *aff'd*, 895 F.3d 1363 (Fed. Cir. 2018).  "It is not sufficient for [parties] to reassert the same arguments they made in earlier proceedings, nor can [they] raise new arguments that could have been made earlier."  *Lee*, 130 Fed. Cl. at 252; *see also Prati v. United States*, 82 Fed. Cl. 373, 377 (2008) ("It should be stressed that a motion for reconsideration is not a forum in which a losing party may re-argue its case.").

Here, Plaintiffs seek to reargue their case under the guise of clear legal error.  First, they contend that the court "disregards the 5th Amendment," ECF No. 18 at 1, which they assert provides jurisdiction over their case.  But as the court explained in the dismissal order, Plaintiffs' claim here depends on the district court's decision being wrong.  Indeed, they argue that the district court judgment is a taking because it "violates the United States Constitution and Supreme Court Rulings."  ECF No. 16 at 2 (quoting ECF No. 14 at 2).  They also believe that the district court erroneously held that certain waters were Waters of the United States subject to the CWA.  *Id.*  There is nothing in Plaintiffs' motion that calls into question the binding circuit precedent holding that this court lacks jurisdiction to hear collateral attacks on district court judgments.  *Shinnecock Indian Nation*, 782 F.3d at 1352; *see also Petro-Hunt*, 862 F.3d at 1385.

Second, Plaintiffs argue that the CWA "is an unconstitutional delegation of legislative Authority."  ECF No. 18 at 2.  This does not provide a basis for reconsideration.  Because Plaintiffs could have made this argument in response to the motion to dismiss, it is not proper for a motion to reconsider.  *E.g.*, *Lee*, 130 Fed. Cl. at 252.  In any event, if Plaintiffs want to challenge the constitutionality of the CWA, that is a claim for district court, not this one.

Third, Plaintiffs complain that even though this court said it would not rule on the merits, it ruled on the merits by finding that the lack of a permit meant this case was not yet ripe. ECF No. 18 at 2. According to Plaintiffs, the permit is not required based on their read of *Lucas v. South Carolina Coastal Council*, 505 U.S. 1003 (1992). But Plaintiffs misunderstand *Lucas*. As an initial matter, Plaintiffs assert that this court granted Mr. Lucas compensation for a taking of his property. ECF No. 18 at 2. That is incorrect; this court had nothing to do with the *Lucas* litigation, which arose through South Carolina's state courts because it was an action against an organ of the State of South Carolina, not the United States. *Lucas*, 505 U.S. at 1009-12 (discussing the litigation beginning in the South Carlina Court of Common Pleas up to the Supreme Court of South Carolina). In any event, Plaintiffs' fundamental misunderstanding of *Lucas* is that it means that no permit or permit application is required to bring a takings claim. ECF No. 18 at 2. That is not what *Lucas* held. To the contrary, *Lucas* recognized that the availability of a "special permit" to develop the land at issue "*would* preclude review had the South Carolina Supreme Court rested its judgment on ripeness grounds." *Lucas*, 505 U.S. at 1011 (emphasis added). In other words, the only reason the *Lucas* Court addressed the merits of the case is because the Supreme Court of South Carolina resolved the merits. This court, however, cannot defy the binding precedents holding that a takings claim based on land use regulation is not ripe until the government denies a permit. *See* ECF No. 16 at 2 (collecting cases).

Fourth, Plaintiffs assert that this court failed to rule on their motion to convert this case to a class action. ECF No. 18 at 3. This assertion is irrelevant because whether this case is a class action has nothing to do with the court's jurisdiction to hear it. Plaintiffs are also incorrect because this court *denied* Plaintiffs' motion as moot because of the lack of subject matter jurisdiction. ECF No. 16 at 2 (denying ECF No. 4 as moot). Once the court determines that it lacks jurisdiction, it must dismiss the case. *E.g.*, Rule of the United States Court of Federal Claims 12(h)(3).

Finally, Plaintiffs make a new argument, which is not a proper reason to grant reconsideration. Now Plaintiffs complain that there is a "Deprivation of Rights Under the Color of Law" in violation of 42 U.S.C. § 1983. ECF No. 18 at 3. Even considering this argument, it does not provide a reason to reconsider dismissal. Whatever the merits of the Section 1983 claim might be, they do not help Plaintiffs here. It is well-established that this court lacks jurisdiction over any claim under Section 1983 because Congress vested jurisdiction over those claims in the district courts. *E.g.*, *Wickramaratna v. United States*, No. 2022-1786, 2022 WL 17495907, at *1 (Fed. Cir. Dec. 8, 2022). When Congress vests jurisdiction in the district courts, this court "lacks subject matter jurisdiction over" such claims because "[t]he Court of Federal Claims is not a district court of the United States." *Ledford v. United States*, 297 F.3d 1378, 1382 (Fed. Cir. 2002).

Because there was no clear error of law, the court denies Plaintiffs' motion to reconsider the dismissal of this action, ECF No. 18.

It is so ORDERED.

<u>s/ Edward H. Meyers</u>
Edward H. Meyers
Judge
